IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCIAL GOMEZ-SANTANA,

                  Petitioner,

   v.

WARDEN, FCI OXFORD,

                  Respondent.

OPINION and ORDER

24-cv-852-wmc

---

Representing himself, petitioner Marcial Gomez-Santana seeks a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of his sentence by the United States Bureau of Prisons ("BOP").  (Dkt. #1.)  Specifically, petitioner contends that he has been wrongly denied earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), which would shorten the length of his imprisonment because he is a deportable alien subject to a final order of removal.   The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply to § 2241 petitions.  *See* Rule 1(b), Rules Governing Section 2254 Cases.  Under Rule 4, the court may dismiss a petition if it plainly appears that the petitioner is not entitled to relief.  After considering all of petitioner's submissions and the applicable law, the petition will be dismissed for the reasons explained below.

OPINION

Petitioner is currently confined at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"), as the result of a 2018 conviction from the United States District Court for the Western District of Texas for conspiracy to transport illegal aliens resulting in

death and serious bodily injury and conspiracy to harbor illegal aliens for private financial gain. (Dkt. #1-1, at 1). Petitioner received a sentence of 262 months' imprisonment in that case, which was later reduced to 168 months. (*Id*.) His projected release date is June 17, 2030. (*Id*.) Petitioner argues, however, that he would be entitled to expedited release if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), also known as FSA Time Credits ("FTCs"). (Dkt. #1, at 1.) The First Step Act provides eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C).

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Before seeking relief in federal court, however, a prisoner must exhaust administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after administrative remedies have been exhausted").

To exhaust administrative remedies, a prisoner incarcerated by the BOP must first file an informal complaint with institution staff. 28 C.F.R. § 542.13(a). If the complaint is not resolved informally, a prisoner must file an administrative remedy request on a BP-9 form at

the institution where he is incarcerated.  28 C.F.R. § 542.14(a).  If the prisoner is unsatisfied with the warden's response to his BP-9, he may submit an appeal to the Regional Director on a BP-10 form within 20 days.  28 C.F.R. § 542.15(a).  If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the Office of General Counsel within 30 days.  *Id*.  Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process is likely to result in the denial of the requested relief.  *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

Petitioner concedes that he did not attempt to exhaust available administrative remedies before filing his petition, but argues that exhaustion should be excused because it would be futile.  (Dkt. #1, at 1.)  Petitioner does not demonstrate, however, that it would be futile to pursue administrative remedies in connection with his claim.  Specifically, petitioner contends that there is no final order of removal against him.[1]  If true, and petitioner is not under a final order of removal, he may be entitled to FTC time credits.  But petitioner has not presented this argument to prison officials through the administrative remedy process, which is designed to give the prison system "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," and to promote efficiency.  *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).  Therefore, the petition will be dismissed without prejudice as unexhausted.

---

[1] Petitioner argues further that if there is a final order of removal against him, it is "null and void" because it was entered without considering his entitlement to asylum.  (Dkt. #1, at 2.)  Any challenge to petitioner's removal order is precluded by the REAL ID Act, which eliminates review under 28 U.S.C. § 2241 and provides that a petition for review with an appropriate court of appeals "shall be the sole and exclusive means for judicial review[.]"  8 U.S.C. § 1252(a)(5).  Accordingly, this court lacks jurisdiction to consider this argument.

ORDER

IT IS ORDERED that:

1.  The habeas corpus petition filed by Marcial Gomez Santana (dkt. #1) is DISMISSED without prejudice for lack of exhaustion.

2.  The clerk of court shall enter judgment and close this case.

Entered on this 13th day of January, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4